IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13, 2002 Session

## PRUDENTIAL BOTTS & ASSOCIATES REALTORS, INC. v. R & E PROPERTIES, LLC, ET AL.

Appeal from the Chancery Court for Hamilton County
No. 98-0893     W. Frank Brown, III, Chancellor

FILED JUNE 25, 2003

No. E2002-01827-COA-R3-CV

In this case Prudential Botts & Associates Realtors, Inc., a real estate agency, sues R & E Properties, LLC, and one of its principals, Paula Ellis, and her father, James Runion, who advised and exerted influence over his daughter in connection with the business of R & E. The suit alleges that the Defendants violated the Tennessee Consumer Protection Act, T.C.A. Title 47, Chapter 17, resulting in damages to Prudential because a real estate transaction did not close as a result of misstatements made by the individual Defendants, thereby causing Prudential to lose a commission it otherwise would have received. After a plenary trial the Chancellor found in favor of the Plaintiff and awarded it $147,000 in compensatory damages; $97,000 in attorney fees; and $45,000 in pre-judgment interest. We reverse and dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Cause Dismissed**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Timothy R. Simonds, Rossville, Georgia, and Damon J. Lee, Cleveland, Tennessee, for the Appellants, R & E Properties, LLC, Paula Ellis, and James Runion

James F. Logan, Jr., and James S. Thompson, Cleveland, Tennessee, for the Appellee, Prudential Botts & Associates Realtors, Inc.

## OPINION

R & E was the owner of two mobile home parks and contracted with Prudential to act as its agent in obtaining a purchaser. This contract provided that if Prudential was successful it would be entitled to a commission of six percent of the purchase price.

A prospective purchaser was found by David Sullivan, who was employed by Prudential. After some negotiations, a contract of sale was entered into whereby the Carlyle Group, Inc., would purchase the mobile home parks for the sum or $2,450,000. The sales contract provided a due diligence period for Carlyle to make an investigation to determine whether it desired to proceed with the consummation of the sale. During this period of time, Carlyle discovered that the information furnished by R & E relative to the income from the parks was overstated. It also learned that R & E failed to notify its tenants that rents would be raised to the level represented by R & E to the prospective purchaser, despite Ms. Ellis' assurance that such notice would be given.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn.R.App.P. 13(d). We must honor that presumption unless we find that the evidence preponderates against the trial court's factual findings. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996).

The Trial Court's order made a detailed statement of the background of this dispute and of the evidence introduced at trial, which is fully supported by the record and is attached as an appendix to this opinion.[1]

The Defendants have raised a number of issues. However, we believe the one which asserts that the Plaintiff's damages were not "a proximate result of the alleged misrepresentation of the Defendant," is the only issue necessary to be addressed.

Assuming, without deciding, that the relationship between R & E and Prudential is covered by the Tennessee Consumer Protection Act,[2] we are satisfied that the misrepresentations made by the Defendants were not the cause in fact of the sale not being consummated. We reach this conclusion because we are convinced that the sale did not fail because of the misrepresentation of the individual Defendants, but rather because the income from the trailer parks was not as represented. Assuming that Carlyle had been told the truth regarding the income from the parks, the contract would not have been consummated because the income was not sufficient to justify the loan necessary to purchase the property. It is true that the misrepresentations were the cause in fact, that Carlyle entered into the contract of sale and that Carlyle might very well be entitled to prosecute a suit against the Defendants under the Tennessee Consumer Protection Act for expenses incurred in its due diligence examination, but apparently chose not to do so.

We recognize that had the truth been told, further negotiations might have resulted in a reduction of the price so that the sale might have taken place. This, however, is speculative and, in

---

[1] We note that Mr. Runion's name is spelled "Runyan" in the Trial Court's memorandum opinion and order.

[2] See *Quality Auto Parts v. Bluff City Buick*, 876 S.W.2d 818 (Tenn. 1994).

light of the record, highly unlikely because the Defendants had reservations regarding the sale from just before or just after the contract to sell was executed.

Finally, lest the individual Defendants feel vindicated by our resolution of this case, we find their actions reprehensible in the extreme.

For the foregoing reasons the judgment of the Trial Court is reversed and the cause dismissed and remanded for collection of costs below, which are, as are costs of this appeal, adjudged against Prudential Botts & Associates Realtors, Inc.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE